JOHN L. MORRELL, ESQ. (Bar No. 116879)
morrell@higgslaw.com
RAHIL K. SWIGART, ESQ. (Bar No. 225881)
swigart@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Trustee,
RONALD E. STADTMUELLER

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>EPIC CYCLE INTERACTIVE, INC.,<br><br>Debtor. | CASE NO. 08-03289-JM7 |
| RONALD E. STADTMUELLER.,<br><br>Plaintiff,<br><br>v.<br><br>JUMPTV.<br><br>Defendant. | ADVERSARY NO. _____<br><br>**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**<br><br>Case File: April 22, 2008<br>Dept.: 5<br>Judge: Hon. James W. Myers |

Plaintiff Ronald E. Stadtmueller ("Trustee") for the estate of EPIC CYCLE INTERACTIVE, INC.("Epic" of "Debtor"), as and for his Complaint to Avoid and Recover Preferential Transfers pursuant to 11 U.S.C. §§ 547 and 550 against defendant JUMPTV ("Defendant"), alleges as follows.

///

///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1000822.1

CASE NO. 08-03289-JM7
ADVERSARY NO. _____

1. On April 22, 2008, (the "Petition Date"), Debtor filed a petition for bankruptcy under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On March 5, 2010, the Bankruptcy Court entered an order converting the Chapter 11 bankruptcy case to a case under Chapter 7.

3. On March 5, 2010, the Bankruptcy Court entered an order duly appointing Trustee as Chapter 7 Trustee of Debtor's Chapter 7 bankruptcy estate. Trustee remains the duly appointed, qualified and acting trustee of the Debtor's Chapter 7 bankruptcy estate.

4. This adversary proceeding arises out of and relates to the case which is pending on the docket of this Court.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 1334(a) and 11 U.S.C. §547.

6. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (F).

7. Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a) and (c) because the Case is pending in this judicial district.

8. This adversary proceeding is commenced pursuant to Federal Rule of Bankruptcy Procedure 7003 and Local Rule of Bankruptcy Procedure 7003.

**FIRST CLAIM FOR RELIEF**

(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

9. Trustee hereby incorporates by this reference Paragraphs 1 through 9 above as though set forth fully herein.

10. On or within ninety (90) days prior to the Petition Date (the "Preference Period"), Debtor transferred, and/or caused to be transferred, property to Defendant in the form of one or more payments of monies and/or transfers of goods in an amount of not less than $59,477.31 (the "Transfers"). Based upon a

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

2
1000822.1

CASE NO. 08-03289-JM7
ADVERSARY NO. _____

review of the Debtor's books and records, the Transfers of which Trustee is presently aware, are set forth in **Exhibit A** attached hereto. The amount set forth in the paragraph shall not constitute a waiver by Trustee to amend this complaint to include additional transfers identified through discovery or otherwise.

11. Each of the Transfers constituted transfers of interest in the property of Epic.

12. Each of the Transfers were made, or caused to be made, to or for the benefit of Defendant, that according to Trustee's information and belief is a creditor and/or an agent for the creditors of Debtor.

13. Each of the Transfers was made, or was caused to be made, for or on account of an antecedent debt owed by Debtor to Defendant and/or an agent for Defendant prior to the date on which such Transfers occurred.

14. Debtor was insolvent for the purpose of Bankruptcy Code § 547(b) when each of the Transfers was made.

15. Each of the Transfers enabled Defendant to receive more than it would have received if (i) the case were a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; (iii) Defendant received payment of such debt relating to each Transfer to the extent provided by the provisions of the Bankruptcy Code.

16. Trustee is entitled to avoid the Transfers pursuant to Bankruptcy Code § 547(b).

## SECOND CLAIM FOR RELIEF

(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)

17. Trustee hereby incorporates by this reference Paragraphs 1 through 17 above as though set forth fully herein.

18. To the extent the Transfers are avoided under section 547 of the Bankruptcy Code, the Trustee is entitled to recover, for the benefit of the estate the property transferred, or the value of such property transferred thereby, pursuant to

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3
1000822.1

CASE NO. 08-03289-JM7
ADVERSARY NO. _____

Bankruptcy Code § 550.

## PRAYER

**WHEREFORE**, Trustee prays that this Court enter judgment against Defendant as follows:

**On the First Claim for Relief:**

1. Declaring the Transfers to be voidable preferences under Bankruptcy Code §547;

2. Awarding Trustee Judgment against Defendant in the amount of the Transfers (plus the amount of any additional transfers of property of the Debtors made to Defendant during the Preference Period that Trustee identifies through discovery or otherwise) together with interest on such amounts from the dates of the Transfers; and

3. If Defendant has filed a proof of claim pursuant to Bankruptcy Code § 501 against the Debtor, then disallowing such claim until such time as:

    a. Defendant turns over to Trustee any property deemed recoverable pursuant to Bankruptcy Code § 550; and/or

    b. Defendant has paid the amount for which Defendant is liable pursuant to Bankruptcy Code § 550.

**On the Second Claim for Relief:**

1. Directing Defendant to immediately pay to Trustee the Transfers, or an amount equal to the Transfers (plus the amount of any additional transfers of property of the Debtors made to Defendant during the Preference Period that Trustee identifies through discovery or otherwise), pursuant to Bankruptcy Code § 550, together with interest on such amounts from the dates of the Transfers.

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

4
1000822.1

CASE NO. 08-03289-JM7
ADVERSARY NO. _____

**On the All Claims for Relief**

1. Awarding Trustee attorney fees, costs and other expenses incurred in this adversary proceeding; and

2. Granting such other and further relief as this Court deems just and proper.

DATED: March 3, 2010

HIGGS FLETCHER & MACK LLP

By: *Rahil K. Swigart*
JOHN L. MORRELL, ESQ.
RAHIL K. SWIGART, ESQ.
Attorneys for Trustee RONALD E. STADTMUELLER

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

5
1000822.1

CASE NO. 08-03289-JM7
ADVERSARY NO. _____

## JUMPTV

## EXHIBIT "A"

| Bill Pmt - Check | 02/22/2008 | SAM/ JUMPTV | -59,477.31 |

998788.10